SOLOMON ROSENGARTEN
1704 Avenue M
Brooklyn, New York 11230
718-627-4460
vokma@aol.com
NJ Bar ID# 009631973

Attorney for Plaintiffs


UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------------------------X

CHRISTOPHER MICAH LANDAU, YECHESKEL SHRAGA
LANDAU and BASHA WOLPIN,
.

                            Plaintiffs,                      **VERIFIED COMPLAINT**

      vs.

ISRAEL BAROUK and EMILY PFLASTER,

                            Defendants.

----------------------------------------------------------------------------X

Plaintiffs, complaining of defendants, by their attorney, allege:

1. Plaintiff Christopher Micah Landau resides at 1140 St. Johns Place, Brooklyn, New York 11213.

2. Plaintiffs Yecheskel Shraga Landau and Basha Wolpin reside at 102 Webster Avenue, Brooklyn, New York 11230.

### JURISDICTION AND VENUE

3. This action is brought pursuant to 28 U.S.C. § 1332.

4. Each plaintiff is a citizen of, and domiciled in, the State of New York.

5. Each defendant is a citizen of, and domiciled in, the State of New Jersey.

6. Venue is proper in this District because the acts complained of herein occurred in the District of New Jersey.

**COUNT ONE**
**(On Behalf of Plaintiff Christopher M. Landau)**

7. On or about May 25, 2022 defendants filed a complaint with the Police Department of Jackson Township, Ocean County, New Jersey.

8. Defendants alleged that plaintiff, Christopher M. Landau, committed the crimes of robbery, burglary, assault, unlawful restraint, theft and criminal mischief.

9. Specifically, defendants stated that plaintiff Christopher M. Landau entered the premises located at 9 Olena Drive, Jackson, New Jersey and committed the aforesaid offenses.

10. The aforesaid statements made by defendants to the Jackson County Police Dept. were false and defendants knew them to be false.

11. As a consequence of defendants' false allegations, plaintiff Christopher M. Landau was arrested.

**COUNT TWO**
**(On Behalf of Plaintiff Christopher M. Landau)**

12. Plaintiff Christopher M. Landau repeats the allegations set forth in paragraphs 5 to 9 of this Complaint as if fully set forth herein.

13. As a consequence of the foregoing, plaintiff Christopher M. Landau was imprisoned.

**COUNT THREE**
**(On Behalf of Plaintiff Christopher M. Landau)**

14. Plaintiff Christopher M. Landau repeats the allegations set forth in paragraphs 5 to 11 of this Complaint as if fully set forth herein.

15. Defendants caused the plaintiff to be arrested and imprisoned with the intent to inflict emotional distress upon plaintiff Christopher M. Landau.

16. The acts of defendants described herein were so extreme and outrageous as to go beyond all possible bounds of decency, and must be regarded as atrocious and utterly intolerable in a civilized community.

17. As a consequence of defendants' acts, plaintiff Christopher M. Landau suffered severe emotional distress of such a nature that no reasonable man could be expected to endure it.

18. Plaintiff Christopher M. Landau's emotional distress was  proximately caused by defendants' outrageous acts, as alleged herein.

**COUNT FOUR**
**(On Behalf of Plaintiff Christopher M. Landau)**

19. Plaintiff Christopher M. Landau repeats the allegations set forth in paragraphs 6 to 11 of this Complaint as if fully set forth herein.

20. Defendants' filing of a false complaint with the Jackson Township Police Department, which resulted in the filing of a criminal complaint in the New Jersey Superior Court, was an illegitimate and improper use of the judicial process.

21. The purpose of defendants' complaint was  not to use the judicial process in a legitimate manner, but to cause the arrest and imprisonment of plaintiff Christopher M. Landau without cause.

**22.** Upon information and belief, defendants discussed the prosecution of the criminal case against Christopher M. Landau with someone in the Ocean County Prosecutor's office and indicated that they would provide testimony in connection with that case, which would cause a perversion of the legitimate use of process.

## COUNT FIVE
### (On Behalf of Plaintiff Christopher M. Landau)

23. Plaintiff Christopher M. Landau repeats the allegations set forth in paragraphs 6 to 11 of this Complaint as if fully set forth herein.

24. Defendants falsely stated to members of the Jackson Township Police Department, to personnel at the Ocean County Prosecutor's office and to others that plaintiff Christopher M. Landau had committed the criminal offenses of robbery, burglary, assault, unlawful restraint, theft and criminal mischief.

25. Defendants knew that the aforesaid statements were false.

26. These statements were made maliciously with the intent to injure plaintiff Christopher M. Landau.

27. As a proximate cause thereof, plaintiff Christopher M. Landau was subjected to public ridicule, contempt, disgrace, scorn and prejudice, and the loss of his good name.

## COUNT SIX

### (On Behalf of Plaintiffs Yecheskel Shraga Landau and Basha Wolpin)

28. At all times hereinafter mentioned plaintiffs Yecheskel Shraga Landau and Basha Wolpin were the owners of real property located at 9 Olena Drive, Jackson, New Jersey.

29. On or about May 18, 2022 defendants unlawfully entered said premises without authority or permission of said plaintiffs.

30. As a result of the foregoing plaintiffs Yecheskel Shraga Landau and Basha Wolpin suffered the loss of benefit of the land and the discomfort and annoyance to them having defendants as occupants.

31. In addition,  plaintiffs Yecheskel Shraga Landau and Basha Wolpin suffered the loss of

income from rental of the subject property.

WHEREFORE, plaintiffs demand damages:

(a) On Count One, actual and punitive damages;

(b) On Count Two, actual and punitive damages;

(c) On Count Three, actual and punitive damages;

(d) On Count Four, actual and punitive damages;

(e) On Count Five, actual and punitive damages;

(f) On Count Six, actual and punitive damages.

I hereby certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the matter in

controversy is not the subject of any other action pending in any court, or of any pending

arbitration or administrative proceeding.

Dated: August 25, 2022

s/*Solomon Rosengarten*

_____

SOLOMON ROSENGARTEN

VERIFICATION

Christopher M. Landau hereby states, under penalty of perjury, pursuant to 28

U.S.C. § 1746, that I have  read the Complaint herein and know the contents

thereof to be true of my own knowledge, except those matters that are stated on

information and belief and as to those matters I believe them to be true.

Dated: August 25, 2022

_____
CHRISTOPHER M. LANDAU

VERIFICATION

Basha Wolpin hereby states, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have

read Count Six of Complaint herein and know the contents thereof to be true of my own knowledge,

except those matters that are stated on information and belief and as to those matters I believe them to be

true.

Dated: August 25, 2022

*Basha Wolpin*
BASHA WOLPIN

VERIFICATION

Yecheskel Shraga Landau  hereby states, under penalty of perjury, pursuant to 28 U.S.C. § 1746,

that I have  read Count Six of Complaint herein and know the contents thereof to be true of my own

knowledge, except those matters that are stated on information and belief and as to those matters I believe

them to be true.

Dated: August 25, 2022

_____
YECHESKEL SHRAGA LANDAU