<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER MICAH LANDAU, YECHESKEL SHRAGA LANDAU, and BASHA WOLPIN,<br><br>Plaintiffs,<br><br>v.<br><br>ISRAEL BAROUK and EMILY PFLASTER,<br><br>Defendants. | Civil Action No. 22-05259 (GC) (JBD)<br><br><u>OPINION</u> |

**<u>CASTNER, U.S.D.J.</u>**

**THIS MATTER** comes before the Court upon the Motion to Dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1), 12(b)(6), and 12(b)(7) filed by Defendants Israel Barouk and Emily Pflaster. (ECF No. 14.) Plaintiffs Christopher Landau, Yecheskel Landau, and Basha Wolpin opposed. (ECF Nos. 17 & 18.) Defendants did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Defendants' motion is **GRANTED** in part and **DENIED** in part.

**I.    <u>BACKGROUND</u>**

This action involves allegations that Defendants filed an inaccurate police complaint that led to the arrest of one Plaintiff, Christopher Landau, and Defendants unlawfully trespassed on the premises owned by the other two Plaintiffs, Yecheskel Landau and Basha Wolpin.

A. **FACTUAL BACKGROUND**[1]

On May 18, 2022, Defendants Israel Barouk and Emily Pflaster "unlawfully entered [the] premises" at 9 Olena Drive in Jackson, New Jersey, which was owned by Yecheskel Landau and Basha Wolpin. (ECF No. 5 ¶¶ 29-30.)

Then, seven days later, on or around May 25, Barouk and Pflaster are alleged to have filed an inaccurate complaint with the Jackson Township Police Department in Ocean County, New Jersey. (*Id.* ¶¶ 8, 11.) The police complaint accused Christopher Landau of "commit[ing] the crimes of robbery, burglary, assault, unlawful restraint, theft and criminal mischief." (*Id.* ¶ 9.) Specifically, the complaint stated that Christopher "entered the premises located at 9 Olena Drive," where he committed the crimes. (*Id.* ¶ 10.) As a result, Christopher was arrested and imprisoned. (*Id.* ¶¶ 12, 14.)

B. **PROCEDURAL BACKGROUND**

On August 29, 2022, Plaintiffs brought suit. (ECF No. 1.) On September 15, 2022, Defendants moved to dismiss. (ECF No. 4.) Rather than oppose, Plaintiffs filed an Amended Complaint on September 29, 2022. (ECF No. 5.)

In a sparse pleading, Plaintiffs list six counts without clearly specifying the cause of action in each; however, their opposition brief clarifies what was intended. (ECF No. 18 at 17.[2]) The first five counts are asserted solely on behalf of Christopher Landau against Barouk and Pflaster: Count One for false arrest; Count Two for false imprisonment; Count Three for intentional infliction of emotional distress; Count Four for abuse of process; and Count Five for defamation.

---

[1]   On a motion to dismiss pursuant to Rule 12(b)(6), a court accepts as true all well-pleaded facts in the complaint. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[2]   Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

2

(ECF No. 5 ¶¶ 8-28.)  Count Six for trespass is asserted on behalf of Yechekel and Basha against Barouk and Pflaster.  (*Id.* ¶¶ 29-30.)  On March 14, 2023, Defendants moved to dismiss the Amended Complaint.  (ECF No. 14.)  Plaintiffs opposed on May 18, 2023.  (ECF Nos. 17 & 18.)

## II.   LEGAL STANDARD

### A.   RULE 12(B)(1) — LACK OF SUBJECT MATTER JURISDICTION

Under Rule 12(b)(1), a party may bring a motion to dismiss for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  There are two types of subject-matter challenges under Rule 12(b)(1): "either a facial or a factual attack."  *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016).  On a facial attack, the court "accept[s] the complaint's well pled allegations as true, and review[s] 'the allegations of the complaint and documents referenced therein and attached thereto[] in the light most favorable to the plaintiff."  *Manivannan v. United States Dep't of Energy*, 42 F.4th 163, 169 (3d Cir. 2022) (quoting *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)).  On a factual attack, "the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'"  *Davis*, 824 F.3d at 346 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

### B.   RULE 12(B)(6) — FAILURE TO STATE A CLAIM

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'"  *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)).  "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau*

*of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)).  When assessing the factual allegations, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)).  The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis*, 824 F.3d at 349).

   C. **RULE 12(B)(7) — FAILURE TO JOIN A PARTY**

   In considering a motion to dismiss under Rule 12(b)(7), a district court first looks to Rule 19(a) to determine whether there is an absent party that should be joined as a "necessary" party.  *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007).  If the absent party should be joined, but joinder is infeasible, then the court determines whether the absent party is indispensable under Rule 19(b).  *Id.* at 313.  If the absent party is indispensable, the court must dismiss the action.  *Id.*

**III.** **DISCUSSION**

   As an overarching point, Barouk and Pflaster submit that, contrary to what is alleged in the Amended Complaint, they are in fact "the victims of a home invasion" and that they "were terrorized during a break-in to their home" by Plaintiffs and others.  (ECF No. 14-4 at 4.)  Although the Court appreciates that there may be additional facts in this case beyond what has been asserted by Plaintiffs thus far, the Court accepts the well-pleaded facts as true at the motion-to-dismiss stage.  *Fowler*, 578 F.3d at 210.  With the benefit of discovery, the record evidence will of course be considered at summary judgment or trial to determine if there are any genuine disputes of material fact and the extent to which what is alleged diverges from what is substantiated.

### A. DIVERSITY JURISDICTION

Defendants' first ground for seeking dismissal of the Amended Complaint is that Plaintiffs cannot establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), because the allegations in the Amended Complaint do not adequately explain "how or why . . . Plaintiffs are seeking $75,000.00 or more in damages." (ECF No. 14-4 at 11.)

Diversity jurisdiction has two requirements. The first is that "the parties must be completely diverse, meaning that 'no plaintiff can be a citizen of the same state as any of the defendants.'" *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394 (3d Cir. 2016) (quoting *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003)). The second is that "the 'matter in controversy exceeds the sum or value of $75,000.'" *Id.* at 395 (quoting 28 U.S.C. § 1332(a)). Ordinarily, "the distinct claims of separate plaintiffs cannot be aggregated when determining the amount in controversy." *Id.*

The party invoking diversity jurisdiction "bears the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000." *Id.* The "burden is not especially onerous. In reviewing the complaint, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

The allegation that the amount in controversy exceeds $75,000 typically suffices "unless it is qualified by others which so detract from it that the court must dismiss *sua sponte* or on defendants' motion." *Id.* at 396 (quoting *Gibbs v. Buck*, 307 U.S. 66, 72 (1939)). And "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Id.* at 397 (quoting *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)).

Here, it is undisputed that Plaintiffs and Defendants are completely diverse. Each Plaintiff is alleged to be a citizen and resident of New York and each Defendant is alleged to be a citizen and resident of New Jersey, and nothing has been presented to undermine these jurisdictional allegations. (ECF No. 5 ¶¶ 4-5.)

As to the sum or value in controversy, Plaintiffs generally allege that "[t]he amount in controversy exceeds $75,000.00." (*Id.* ¶ 6.) Specifically, Christopher Landau seeks actual and punitive damages for his claims against Defendants for false arrest and imprisonment, intentional infliction of emotional distress, abuse of process, as well as defamation. (*Id.* ¶¶ 8-28.) Although the Amended Complaint does not provide thorough detail as to the extent of the harms Christopher allegedly suffered, the Court cannot say to a "legal certainty" that his claims are for less than the jurisdictional amount, particularly if he were to prove that Defendants filed a knowingly inaccurate police complaint that led to him being deprived of his liberty.

Yecheskel Landau and Basha Wolpin separately assert a single count against Defendants for trespass. They seek actual and punitive damages, claiming that as a result of Defendants' unlawful entry onto their premises in May 2022 they lost the benefit of their land as well as the "loss of income from rental of the subject property." (*Id.* ¶¶ 29-30.) Yecheskel and Basha provide no indication in the Amended Complaint as to how much rental income they have allegedly lost or how long Defendants were on their land. Nor do they indicate that it is a continuing trespass.[3] Nevertheless, considering Plaintiffs' assertion that the amount in controversy exceeds $75,000 and because nothing currently suggests this assertion is made in bad faith, such as allegations that detract from the asserted amount, the Court is not able to find with "legal certainty" that the claim

---

[3] Defendants' opposition suggests that they have resided at the premises until this action was filed. (ECF No. 14-4 at 5 ("[T]his . . . Complaint was filed with the purpose of intimidating the Defendants in an attempt to have them relinquish their possessory rights in the subject premises.").)

is for less than the jurisdictional amount. *See, e.g.*, *CHEP USA v. Cutler Bros. Box & Lumber Co.*, Civ. No. 23-8498, 2023 WL 8090713, at *2 (D.N.J. Nov. 21, 2023) ("The Court has no basis to find that the allegation was not made in good faith, or that it has been traversed or contradicted, or that it is a legal certainty that the claim is really for less than the jurisdictional amount. The motion to dismiss the Complaint for lack of subject matter jurisdiction will be denied."); *Rakofsky v. United Healthcare Servs., Inc.*, Civ. No. 19-09575, 2019 WL 3432610, at *3 (D.N.J. July 11, 2019), *report and recommendation adopted*, 2019 WL 3432448 (D.N.J. July 30, 2019) ("Pursuant to *Frederico, Samuel-Bassett*, and *Red Cab*, the matter must be remanded only if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount. This rule 'does not require the removing defendant to prove to a legal certainty the plaintiff can recover $75,000—a substantially different standard.'" (citations omitted)).

Thus, both requirements for diversity jurisdiction are deemed satisfied as to all Plaintiffs at this time, and Defendants' motion to dismiss on this basis is denied.

### B. *RES JUDICATA*/CLAIM PRECLUSION

Defendants next argue that the Court should abstain from entertaining the trespass claim in Count Six because similar claims are being pursued in New Jersey Superior Court. (ECF No. 14-4 at 12-13.) Defendants support their argument with the copy of a complaint, dated June 21, 2022,[4] brought by Yecheskel and Basha against Barouk and Pflaster in the Law Division of the New Jersey Superior Court, Ocean County, which alleges that Barouk and Pflaster trespassed on and unlawfully occupied 9 Olena Drive in Jackson, and asserts seven counts under New Jersey law and seeks, among other things, the ejectment of Barouk and Pflaster from the property, money damages, as well as attorney's fees and costs. (ECF No. 14-6 at 2-11.)

---

[4] This federal action was initiated on August 29, 2022. (ECF No. 1.)

In opposition, Plaintiffs acknowledge that Yecheskel and Basha brought substantially similar claims as the trespass claim in Count Six against Barouk and Pflaster in New Jersey Superior Court. (ECF No. 18 at 12.) They write, however, that the state-court action "has been terminated" and "is no longer pending," and it resulted in a September 7, 2022 order that ejected Barouk and Pflaster from the premises and reserved on the issue of the amount of money damages, if any, to be awarded to Yecheskel and Basha. (*Id.* at 12-13.) Without citing any authority, Plaintiffs insist that even if the New Jersey court already adjudged liability stemming from the trespass, this Court should consider "the issue of damages" in this new action. (*Id.*) Plaintiffs' opposition includes the September 7, 2022 "Order for Ejectment and Money Damages" issued by the Hon. John M. Doran, J.S.C., which orders the ejectment of Barouk and Pflaster and "reserved" on the issue of the amount of money damages that Yecheskel and Basha should be awarded. (ECF No. 17-1 at 2.) Also included is a copy of the docket sheet that indicates that the state-court action was "tried to completion without jury" and has been "disposed." (ECF No. 17-2 at 2.)

The Court finds that *res judicata* favors finding that the trespass claim in Count Six of the Amended Complaint is precluded.[5] *Res judicata* "is a court-created rule . . . designed to draw a line between the meritorious claim on the one hand and the vexatious, repetitious and needless claim on the other hand." *Purter v. Heckler*, 771 F.2d 682, 689-90 (3d Cir. 1985). It "bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *Duhaney v. Att'y Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010). Its intent is to "relieve parties of the cost . . . of multiple lawsuits, conserve judicial resources, and . . . encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

---

[5] Although Defendants invoked the *Younger* abstention doctrine in their briefing, the Court believes that *res judicata* is more appropriate in light of Plaintiffs' representation that the state-court action has been resolved via a judgment in their favor.

A state-court judgment must be given the same preclusive effect in federal court that it would be given in state court,[6] which means that a party seeking to invoke *res judicata* must establish three elements: "(1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one." *Prince v. Pajela*, Civ. No. 22-01939, 2023 WL 3481464, at *4 (D.N.J. May 16, 2023) (quoting *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 591 A.2d 592, 599 (N.J. 1991)). "Claim preclusion applies not only to matters actually determined in an earlier action, but to all relevant matters that could have been so determined," and "[f]or the purposes of *res judicata*, causes of action are deemed part of a single 'claim' if they arise out of the same transaction or occurrence." *Id.*

Although *res judicata* is frequently decided at the summary judgment stage because it is an affirmative defense and may involve documents outside the pleadings, a district court may convert a motion to dismiss to summary judgment so long as the parties are given a reasonable opportunity to present pertinent material. Fed. R. Civ. P. 12(d). The United States Court of Appeals for the Third Circuit has also suggested that where there "are no factual disputes" and the parties are "intimately familiar" with the previous lawsuit, a district court may look at records outside the pleadings while remaining under the standard for a 12(b)(6) motion in determining whether *res judicata* applies. *See Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 280 (3d Cir. 2016) ("The ultimate purpose of this rule is to avoid factual contests at the motion to dismiss stage.").

---

[6]  *See Jackson v. Amazon Services.com, Inc.*, Civ. No. 21-12172, 2022 WL 1173403, at *3 (D.N.J. Apr. 20, 2022) ("'In a diversity action, [the Third Circuit] appl[ies] the preclusion rules of the forum state, unless they are incompatible with federal interests.' Because the standard for res judicata is the same under federal and New Jersey law, it is unnecessary to undertake that analysis." (citations omitted)).

9

Here, because both parties have been afforded an opportunity to present pertinent material and, in fact, have done so, and because the Court has examined and will rely on the documents included with their briefing, the Court will convert the motion to dismiss, for purposes of deciding the *res judicata* issue, to one for summary judgment. Ultimately, the parties do not disagree on the material facts, which streamlines the analysis.

Defendants have demonstrated that Yecheskel's and Basha's claim for trespass against Barouk and Pflaster is substantially similar to the claims brought in the action filed first in the Superior Court of New Jersey, and Plaintiffs agree[7] and have furnished a September 7, 2022 order from that state-court action that found in Plaintiffs' favor and ejected Barouk and Pflaster from the premises while reserving on the issue of damages. (ECF No. 17-1 at 2.) Plaintiffs also provided the docket sheet from the state-court action that states that it was "tried to completion without jury" and is now closed. (ECF No. 17-2 at 2.)

Under similar circumstances as these, the United States Court of Appeals for the Sixth Circuit has found that *res judicata* precludes a federal action when the parties "both admit that the factual basis for the . . . federal action is the same as that underlying [an earlier] state court proceeding," even if the plaintiffs "seek money damages in the federal action, which were not sought in the state action." *Hutcherson v. Lauderdale Cnty., Tennessee*, 326 F.3d 747, 759 (6th Cir. 2003). The Court reasoned that "[t]he relevant inquiry focuses on whether the federal action would require [a court] to revisit issues and claims that were litigated or could have been litigated in the state court," and that *res judicata* estops a party from choosing "to abandon [part of a] claim at the state court level, hoping to raise it in federal court." *Id.*

---

[7] (ECF No. 18 at 12 ("[A]n action was brought in the New Jersey Superior Court by plaintiff[s] . . . seeking to evict defendants from the subject property and seeking damages for their trespass and unlawful occupancy of the property.").)

Here, too, the Court finds that *res judicata* applies and Yecheskel and Basha are estopped from bringing their claim for trespass against Barouk and Pflaster in federal court when this claim was litigated at the now-resolved state-court action. The state-court action involved the same parties, raised substantially identical claims stemming from the same factual allegations and legal issues, and resulted in a judgment that afforded Plaintiffs the relief of ejecting Barouk and Pflaster from 9 Olena Drive. Based on the state-court complaint and the September 7, 2022 order, it clearly appears that the issue of money damages was raised in state court by Yecheskel and Basha and could have been decided therein. After the state-court action was prosecuted to conclusion, there is no basis for Plaintiffs to seek to relitigate the issues and claims or to obtain damages here that were either not granted or not pursued in that prior state-court action.

### C. NECESSARY PARTIES

Defendants also urge the Court to dismiss Christopher Landau's claims because two individuals who allegedly broke into the premises with Christopher and provided statements to the Jackson police about the break in and one individual who was a tenant/sublessor of the property are "necessary" parties who have not been joined. (ECF No. 14-4 at 13-15.) Defendants' contention is that these persons were "witnesses" to the events at issue who possess information critical to the claims. (*Id.*) Although these persons may very well possess relevant knowledge that should be explored during discovery in order to ensure a complete record, the Court finds no merit to the argument that they must be joined for this action to proceed.

Under Rule 19, an absent party must be joined if the court cannot accord complete relief in their absence or the absent party has a legally protected interest in the matter. Fed. R. Civ. P. 19(a)(1)(A), (a)(1)(B); *see also Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC*, 80 F.4th 223, 229 (3d Cir. 2023) ("Translated, there are some persons, real or corporate, not a party to a suit who, for prudential reasons, should be joined in an action. Perhaps their absence prevents

11

a court from awarding full relief to the existing parties.  Or they claim to have an interest in the dispute that will be harmed by a judgment.  Or a bit of both scenarios, meaning a judgment in their absence will create inconsistent obligations and still more litigation.").

Defendants have not articulated how the persons who allegedly broke into the property with Christopher or subleased the property have a legally protected interest in Christopher's claims.  Christopher's claims stem from the assertion that Defendants filed an inaccurate police complaint against him, and it is Defendants' report and the accuracy of its substance that is at issue.  Defendants may seek to subpoena documents or testimony from these absent persons or call them as witnesses at trial, but nothing has been presented that enables this Court to conclude that they must be joined to accord complete relief.

### D. Failure to State a Claim

Defendants also argue that Christopher Landau's claims should be dismissed because he has failed to plausibly plead the elements for "malicious prosecution."  (ECF No. 14-4 at 15-16.)  In opposing the motion, Plaintiffs clarify that Christopher did not intend to assert a "malicious prosecution" claim; instead, his five counts are for false arrest, false imprisonment, intentional infliction of emotional distress, abuse of process, and defamation.  (ECF No. 18 at 17.)  Given that the Amended Complaint did not clearly indicate the causes of action being plead, the Court will provide Defendants a period of thirty (30) days to renew their motion to dismiss for failure to state a claim, if they should choose.

### E. Rule 11 Sanctions

Finally, Defendants ask the Court to impose sanctions on Plaintiffs pursuant to Rule 11, because "this action was brought solely with the purpose to harass, annoy, abuse and intimidate." (ECF No. 14-4 at 18.)  Defendants point to police reports that, they claim, support the conclusion that Defendants were victims of an "illegal [break] in and assault."  (*Id.* at 18-19.)

Rule 11 imposes an affirmative duty on parties to conduct a reasonable inquiry into the factual and legal basis of claims before filing them with the court. *See Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 498 U.S. 533, 551 (1991). It provides, in relevant part, as follows:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> [Fed. R. Civ. P. 11(b).]

Although Rule 11 is intended to discourage the filing of frivolous, unsupported, or unreasonable claims, "sanctions are warranted only in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous." *Paris v. Pennsauken Sch. Dist.*, Civ. No. 12-7355, 2013 WL 4047638, at *6 (D.N.J. Aug. 9, 2013) (quoting *Goldenberg v. Indel, Inc.*, Civ. No. 09-5202, 2011 WL 1134454, at *2 (D.N.J. Mar. 25, 2011)). Indeed, the Third Circuit Court of Appeals has recognized that sanctions should be imposed only in those rare instances when the

evident frivolousness of a claim or motion amounts to an "abuse[ ] of the legal system." *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988).

Based on what is before the Court at this time, it cannot be definitively determined that the claims that have been brought are so frivolous as to merit sanctions; thus, the request for Rule 11 sanctions is denied without prejudice. Although the Court has found the trespass claim filed on behalf of Yechekel and Basha precluded based on *res judicata*, mere failure to succeed on a claim does not merit sanctions, and the Court notes that Plaintiffs did succeed in compelling Defendants' ejectment in the New Jersey Superior Court action. As to the claims brought by Christopher Landau, the Court is hesitant to conclude that they are wholly frivolous absent the opportunity for him to establish an evidentiary record.

## IV.   CONCLUSION

For the reasons set forth above, and other good cause shown, Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 14) is **GRANTED** in part and **DENIED** in part. An appropriate Order follows.

Dated: November 30, 2023

*Georgette Castner*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE